| | | |
|---|---|---|
| REX ALLEN MOORE, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 3:24-cv-371 |
| | ) | |
| v. | ) | |
| | ) | Judge Atchley |
| T. SPANGLER, CHIEF COOPER, | ) | Magistrate Judge McCook |
| CHIEF STEPHENS, CAPTAIN | ) | |
| FRITS,STATE OF TENNESSEE, and | ) | |
| KNOX COUNTY, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM AND ORDER

Plaintiff Rex Allen Moore, a prisoner housed in the Knox County Detention Facility, is proceeding pro se in this civil rights action under 42 U.S.C. § 1983. [Doc. 2]. Plaintiff has filed a motion for leave to proceed *in forma pauperis*. [Doc. 2]. For the reasons articulated below, the Court finds that Plaintiff's motion [*Id.*] should be denied, and this action should be dismissed without prejudice to Plaintiff's ability to pay the filing fee and thereby reinstate this case.

## I.     "THREE STRIKES" UNDER 28 U.S.C. § 1915

The resolution of Plaintiff's motion to proceed *in forma pauperis* is guided by what is commonly referred to as the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court has dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because of his history of filing frivolous litigation, Plaintiff has been denied leave to proceed *in forma pauperis* because of the three-strikes rule. *See Moore v. Conley*, 2:97-cv-2663

(W.D. Tenn. Sept. 7, 1997) (citing previous dismissals and restricting filing privileges due to third "strike" for frivolous action); *Moore v. Conley*, 2:98-cv-2407 (W.D. Tenn. May 28, 1998) (dismissing frivolous § 1983 complaint and reaffirming restrictions on filing privileges); *Moore v. Fergeson*, 1:06-cv-1179 (W.D. Tenn. Mar. 27, 2007) (reaffirming restrictions on Plaintiff's filing privileges and imposing additional restrictions on filing privileges); *see also Moore v. Griffith*, 3:93-cv-132 (E.D. Tenn. Mar. 30, 1994) (dismissal for failure to state a claim); *Moore v. United States Dep't of Justice*, 3:13-cv-632 (E.D. Tenn. July 22, 2014) (granting motion to dismiss complaint for failure to state a claim). These cases demonstrate that Plaintiff has abused his *in forma pauperis* privileges. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

## II.    IMMINENT DANGER

In order to avail himself of the "imminent danger" exception under § 1915(g), Plaintiff's complaint must contain "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). It applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted). But it is intended "as an escape hatch for genuine emergencies only." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Therefore, the threat must also be "real and proximate" at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x

796, 797 (6th Cir. 2008).

Plaintiff alleges that he is a pretrial detainee in protective custody who was placed in a pod with violent, convicted inmates; that he was "very intimidated" by convicted, high-security inmates when he was forced into a transport van with them; that an officer attacked him in an elevator; that he receives false disciplinary infractions; and that he has been deprived of his religious diet. [Doc. 1 p. 5, 6]. Aside from Plaintiff's claim that he is in danger because he is housed with violent inmates, none of these circumstances fall within § 1915(g)'s exception to the three-strikes bar. And as to Plaintiff's concerns regarding his housing, the Court finds his general apprehension and fear of being housed with violent offenders is too speculative to indicate that serious physical injury is imminent. *See, e.g., Threatt v. Davenport*, No. 1:13-cv-421, 2013 WL 1831803, *3 (W.D. Mich. April 30, 2013) (prisoner's claim that he was in imminent danger because he was housed with "violent offenders and gang bangers" was "far too speculative" to fall within the exception to the three strikes rule). Therefore, under the circumstances presented, the Court cannot find that Plaintiff is entitled to the emergency intervention envisioned by the three-strikes exception to the PLRA.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's motion[1] to proceed *in forma pauperis* [Doc. 2] is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

---

[1] The Court notes that the motion is also deficient, as it is not accompanied by the required inmate trust account statement for the previous six months. *See* 28 U.S.C. § 1915(a)(2).

3

Finally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

4